UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

_____

V.H., minor, by his Guardian ad Litem,
Michelle M. Hockers,                           **CASE NO. 26-487**
930 Waters Edge Court
Marshall, WI 53559                             **<u>COMPLAINT</u>**
                                               **CLAIM IN EXCESS OF $75,000**


SAMUEL C. HERNANDEZ and
ASHLEY N. HERNANDEZ
930 Waters Edge Court
Marshall, WI 53559

                Plaintiffs,


GROUP HEALTH COOPERATIVE OF SOUTH CENTRAL WISCONSIN
1265 John Q Hammons Drive
Madison, WI 53717

                Involuntary Plaintiffs,
    -vs-

GENERAL MOTORS COMPANY
300 Renaissance Center
Detroit, MI 48265

                Defendants.
_____

Plaintiffs, complain of the above-named defendant as follows:

1.     The Court has jurisdiction over this cause of action because this is a cause of action between plaintiffs, residents of Wisconsin, and foreign defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2.     V.H. is a minor domiciled in the State of Wisconsin residing at 930 Waters Edge Court, Marshall, WI 53559.

3.     Michelle M. Hockers  is an attorney licensed to practice law in the State of

1

Wisconsin, with offices at N14W23833 Stone Ridge Drive, Suite 310, Waukesha, WI 53188; Michelle M. Hockers is the duly-appointed Guardian ad Liem for the minor, V.H.

4.     Samuel C. Hernandez and Ashley N. Hernandez are married adult residents domiciled in the State of Wisconsin residing at 930 Waters Edge Court, Mashall, WI 53559. Sameul C. Hernandez and Ashley N. Hernandez are the parents of minor V.H.

5.     Involuntary Plaintiff, Group Health Cooperative of South Central Wisconsin is a Wisconsin insurance corporation with its principal place of business and offices located at 12654 John Q Hammons Drive, Madison, WI; at all times pertinent, Group Health Cooperative of South Central Wisconsin has paid medical and related expenses on behalf of the plaintiff, V.H., as a result of the injuries he sustained as hereinafter set forth and may be so obliged in the future; that the Group Health Cooperative of South Central Wisconsin may have no legal right to subrogation or reimbursement despite its payment of benefits in the past or the future, but by reason of such payments, the Group Health Cooperative of South Central Wisconsin is a proper party herein.

6.     Defendant General Motors Company (hereinafter "GMC") is a Michigan corporation with its principal place of business located at 300 Renaissance Center, Detroit, Michigan.  At all times pertinent, GMC was and is in the business of designing, manufacturing, marketing, promoting, advertising, and selling vehicles including the 2015 GMC Acadia (VIN 1GKKVPKD9FJ167998) involved in this case.

7.     On June 12, 2023, V.H. was run over in his driveway located at N10477 Echo Valley Road, Tomahawk, WI 54487 by an unoccupied 2015 GMC Acadia (VIN 1GKKVPKD9FJ167998) with the ignition turned off.

8.     On June 12, 2023, the 2015 GMC Acadia (VIN 1GKKVPKD9FJ167998) failed to

comply with the Federal Motor Vehicle Safety Regulations which required a vehicle to remain in park after being placed in park without moving.

9. On June 12, 2023, the 2015 GMC Acadia (VIN 1GKKVPKD9FJ167998) rolled backward when the vehicle was unoccupied and when the ignition was off.

10. One June 12, 2023, the 2015 GMC Acadia (VIN 1GKKVPKD9FJ167998), V.H. saw his young brother in the driveway and saw the vehicle rolling towards his brother so he pushed his brother out of harm's way and was struck by the unoccupied 2015 GMC Acadia (VIN 1GKKVPKD9FJ167998) which was in "Park" and the ignition was off as it rolled backward down the driveway.

11. On June 12, 2023, the 2015 GMC Acadia (VIN 1GKKVPKD9FJ167998) was defective in its design, manufacture, and warnings because the vehicle rolled backward after being put into park.

12. Defendant GMC designed, manufactured, and sold the 2015 GMC Acadia (VIN 1GKKVPKD9FJ167998).

13. As a result of the defects in the 2015 GMC Acadia (VIN 1GKKVPKD9FJ167998), Plaintiff V.H. suffered serious, permanent, and disabling enhanced injuries for which he claims damages in an amount to be determined by a jury.

14. As a result of the defects in the 2015 GMC Acadia (VIN 1GKKVPKD9FJ167998), Plaintiffs Samuel C. Hernandez and Ashley N. Hernandez suffered the loss of society and companionship of their minor child, V.H.

15. As a result of the defects in the 2015 GMC Acadia (VIN 1GKKVPKD9FJ167998) Plaintiff Ashley N. Hernandez suffered emotional distress.

16. Defendant GMC was negligent in the design, manufacturing, testing, warning, and

3

sale of the 2015 GMC Acadia (VIN 1GKKVPKD9FJ167998).

17.    The negligence of Defendant GMC was a substantial factor in causing injuries to the Plaintiff, V.H.

18.    As a result of the negligence of Defendant GMC, Plaintiff V.H. suffered serious, permanent, and disabling enhanced injuries for which he claims damages in an amount to be determined by a jury.

19.    As a result of the negligence of Defendant GMC, Plaintiffs Samuel C. Hernandez and Ashley N. Hernandez suffered the loss of society and companionship of their minor child, V.H.

20.    As a result of the negligence of Defendant GMC, Plaintiff Ashley N. Hernandez suffered emotional distress.

**PERSONAL JURISDICTION**

21.    Defendant GMC designed, manufactured, distributed, marketed, advertised, and sold vehicles into the stream of commerce, including transactions directly conducted by and/or through dealerships located in Wisconsin.  Defendants continue to service vehicles by and through their dealerships located in Wisconsin, including service dealerships in Antigo, Appleton, Ashland, Baraboo, Beaver Dam, Berlin, Black River Falls, Brookfield, Chippewa Falls, Eau Claire, Fond du Lac, Janesville, La Crosse, Madison, Marshfield, Menomonie, Mequon, Milwaukee, Monroe, Oshkosh, Portage, Rhinelander, Rice Lake, Ripon, Schofield, Stevens Point, Stoughton, Tomah, Viroqua, Waupaca, West Bend, and Wisconsin Rapids, Wisconsin.

22.    Defendant GMC also marketed, advertised, and sold their vehicles in the State of Wisconsin.  Defendants knew at all times during the manufacture and sale of these vehicles that the Acadia model in question would travel among and through each and every state, including Wisconsin, and defendants should have reasonably anticipated the need to answer suit arising out of

the design, manufacture, distribution, marketing, advertising, and sale of those vehicles in Wisconsin. Defendants' contacts with the State of Wisconsin are systematic, ongoing, and sufficient to support the proper exercise of personal jurisdiction over them.

23. Defendant GMC purposefully availed itself of the privilege of conducting business in Wisconsin by:

a. Operating and maintaining GMC retail locations and service centers within the state;

b. Marketing and selling vehicles and products directly to Wisconsin residents;

c. Delivering vehicles to Wisconsin customers;

d. Offering warranties and after-sales services to Wisconsin residents;

e. Maintaining an interactive website through which Wisconsin residents can purchase or schedule services for GMC vehicles.

f. The claims in this action arose out of Defendant GMC's contacts with Wisconsin, including its distribution to Wisconsin residents and its failure to adequately service or warn regarding known defects.

24. As a result of Defendant GMC's substantial and not isolated activities in the State of Wisconsin, the exercise of personal jurisdiction over Defendant GMC in the State of Wisconsin is proper under the Wisconsin long-arm statute, Wis. Stat. § 801.05 and comports with the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

**VENUE**

25. Venue is proper in the Western District of Wisconsin, because defendants reside in this District and are subject to personal jurisdiction herein. 28 U.S.C. §1391(a)(1)(c). For the purposes of venue, corporate defendants are deemed to reside in any district in which their contacts support the assertion of personal jurisdiction if all defendants reside in the same state. *Id.*

5

26.    Defendant GMC is subject to personal jurisdiction in Wisconsin because the operation of dealerships in Wisconsin (including in the Western District of Wisconsin) constitutes continuous and systematic contacts.

27.    Defendant GMC is subject to personal jurisdiction in Wisconsin because Defendant by the manufacture and sale of vehicles, placed products into the stream of commerce in Wisconsin and knew or should have known that their vehicles would travel to and throughout Wisconsin.

28.    Defendants place trucks and restraint systems into the stream of commerce through the operation of dealerships in the Western District of Wisconsin and it is foreseeable that their vehicles would be found in the Western District of Wisconsin.

29.    The incident which forms the basis of this complaint occurred in Polk County, Wisconsin, which is in the Western District of Wisconsin.

### FIRST CAUSE OF ACTION – STRICT LIABILITY – GMC

30.    Plaintiffs reallege and reincorporate paragraphs 1 through 29 herein.

31.    The 2015 GMC Acadia (VIN 1GKKVPKD9FJ167998), which injured V.H. was designed, manufactured, tested, marketed, advertised, distributed, and sold by Defendant GMC.

32.    The 2015 GMC Acadia (VIN 1GKKVPKD9FJ167998) when placed in park and when the key was removed from the ignition and was unoccupied, the vehicle rolled backward running over the Plaintiff V.H.

33.    Vehicles when placed in park are required to remain in park without rolling under the Federal Motor Vehicle Safety Regulations.

34.    The 2015 GMC Acadia (VIN 1GKKVPKD9FJ167998) was defective and unreasonably dangerous in design and violate the FMVSS standards.

6

35.    The 2015 GMC Acadia (VIN 1GKKVPKD9FJ167998) was defective and unreasonably dangerous in design, manufacture, marketing, and warnings when it left the possession and control of Defendant GMC.

36.    At the time the 2015 GMC Acadia (VIN 1GKKVPKD9FJ167998), which injured Plaintiff V.H., was sold and placed on the market, it was in a defective and unreasonably dangerous condition to users and consumers.

37.    The 2015 GMC Acadia (VIN 1GKKVPKD9FJ167998) was expected to and did reach the Plaintiffs Samuel Hernandez and Ashley Hernandez without substantial change in the condition in which it was sold.

38.    The 2015 GMC Acadia (VIN 1GKKVPKD9FJ167998 was defective because foreseeable risks of harm could have been reduced or avoided by the adoption of reasonable alternative designs by Defendant GMC and the omission of the alternative designs rendered the 2015 GMC Acadia (VIN 1GKKVPKD9FJ167998) not reasonably safe.

39.    The 2015 GMC Acadia (VIN 1GKKVPKD9FJ167998) was defective because the vehicle departed from its intended design.

40.    The 2015 GMC Acadia (VIN 1GKKVPKD9FJ167998) was designed so that the key could not be removed from the ignition if the vehicle was in any gear except "Park."

41.    The 2015 GMC Acadia (VIN 1GKKVPKD9FJ167998) was designed so that the vehicle could not be turned off if the vehicle was in any gear except "Park."

42.    The 2015 GMC Acadia (VIN 1GKKVPKD9FJ167998) was designed so that when the vehicle was placed in "Park" the vehicle would not roll.

43.    The 2015 GMC Acadia (VIN 1GKKVPKD9FJ167998 was defective because foreseeable risks of harm could have been reduced or avoided by the provision of reasonable

instructions or warnings by the Defendant GMC and the omission of the instructions or warnings rendered the 2015 GMC Acadia (VIN 1GKKVPKD9FJ167998) not reasonably safe.

44. Parking a vehicle in a driveway on a slope is foreseeable and incident to the normal and expected use of a motor vehicle. Therefore, at the time of the accident described herein, the 2015 GMC Acadia (VIN 1GKKVPKD9FJ167998) was being used in a manner reasonably anticipated by Defendant GMC.

45. As a result of the defective and unreasonably dangerous condition of the 2015 GMC Acadia (VIN 1GKKVPKD9FJ167998), Plaintiff V.H. sustained injuries for which he claims damages in an unspecified amount.

46. As a result of the defective and unreasonably dangerous condition of the 2015 GMC Acadia (VIN 1GKKVPKD9FJ167998) V.H. was compelled to and did employ the services of hospitals, physicians, nurses and the like, to care for and treat his injuries, and did incur hospital, medical, professional, and incidental expenses, and by reason of his injuries incurred expenses, the exact amount of which expenses will be stated according to proof at the time of trial, for which he claims damages in an unspecified amount.

47. As a result of the defective and unreasonably dangerous condition of the 2015 GMC Acadia (VIN 1GKKVPKD9FJ167998) V.H. has suffered and endured pain, suffering and disability for he claims damages in an unspecified amount.

48. As a result of the defective and unreasonably dangerous condition of the 2015 GMC Acadia (VIN 1GKKVPKD9FJ167998), Plaintiffs Samuel Hernandez and Ashley Hernandez claim damages against Defendant GMC for the loss of services, society, and companionship of their son, V.H. due to the injuries he sustained in an unspecified amount.

**SECOND CAUSE OF ACTION – NEGLIGENCE – DEFENDANT GMC**

49.     Plaintiffs reallege and reincorporate paragraphs 1 through 48 herein.

50.     Defendant GMC designed, manufactured, tested, marketed, distributed, and sold the 2015 GMC Acadia (VIN 1GKKVPKD9FJ167998) in the ordinary course of its business.

51.     Defendant GMC was negligent in the design, testing, manufacture, warnings, and sale of the 2015 GMC Acadia (VIN 1GKKVPKD9FJ167998) which rolled backward over the Plaintiff, V.H.

52.     The negligence of Defendant GMC was a substantial factor in causing V.H.'s injuries.

53.     Parking a vehicle in a driveway on a slope is foreseeable and incident to the normal and expected use of a motor vehicle.  Therefore, at the time of the accident described herein, the 2015 GMC Acadia (VIN 1GKKVPKD9FJ167998) was being used in a manner reasonably anticipated by Defendant GMC.

54.     As a result of the negligence of Defendant GMC, Plaintiff V.H. sustained injuries for which he claims damages in an unspecified amount.

55.     As a result of the negligence of Defendant GMC, Plaintiff V.H. was compelled to and did employ the services of hospitals, physicians, nurses and the like, to care for and treat his injuries, and did incur hospital, medical, professional, and incidental expenses, and by reason of his injuries incurred additional like expenses, the exact amount of which expenses will be stated according to proof at the time of trial, for which he claims damages in an unspecified amount.

56.     As a result of the negligence of Defendant GMC, V.H. has suffered and endured pain, suffering and disability for which he claims damages in an unspecified amount.

57.     As a result of the negligence of Defendant GMC, Plaintiffs Samuel Hernandez and Ashley Hernandez claim damages against the Defendant GMC for the loss of services, society, and

9

companionship of their son, V.H., due to the injuries he sustained in an unspecified amount.

## THIRD CLAIM – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS TO ASHLEY HERNANDEZ – DEFENDANT GMC

58.     Plaintiffs reallege and reincorporate paragraphs 1 through 57 herein.

59.     Defendant GMC designed, manufactured, tested, marketed, distributed, and sold the 2015 GMC Acadia (VIN 1GKKVPKD9FJ167998) in the ordinary course of its business.

60.     Defendant GMC was negligent in the design, testing, manufacture, warnings, and sale of the 2015 GMC Acadia (VIN 1GKKVPKD9FJ167998) which rolled backward over the Plaintiff, V.H.

61.     The negligence of Defendant GMC was a substantial factor in causing V.H.'s injuries.

62.     V.H. was run over by the 2015 GMC Acadia (VIN 1GKKVPKD9FJ167998) and caused serious injury.

63.     Ashley Hernandez, the mother of V.H., had parked the 2015 GMC Acadia (VIN 1GKKVPKD9FJ167998)  and went inside the house momentarily before looking outside and seeing V.H. laying in the driveway and saw the 2015 GMC Acadia (VIN 1GKKVPKD9FJ167998) rolling down the driveway and crossing the street before striking a guild wire for a utility pole and coming to a stop.

64.     When Ashley Hernandez got to her son V.H. he was laying in a pool of blood with extensive burns and road rash on his right flank and was in severe pain.

65.     V.H. was transported via ambulance from the scene and then life flighted to Marshfield Clinic due to pain.

66.     As a result of the negligence of Defendant GMC, Ashley Hernandez suffered severe

emotional distress as a result of seeing the 2015 GMC Acadia (VIN 1GKKVPKD9FJ167998) rolling down the driveway and seeing her child's severe injuries.

WHEREFORE, Plaintiffs demand judgment in their favor for damages against the Defendant with the taxable costs and disbursements incurred herein.

Furthermore, in the event the State of Group Health Cooperative of South Central Wisconsin timely and properly appears in this action, then for judgment determining their rights as against Defendant GMC and all other named defendants and any and all parties which may be added to this lawsuit in the future upon any claim of subrogation or reimbursement asserted by Group Health Cooperative of South Central Wisconsin and to the extent that it may be entitled to judgment.

In the alternative, if Group Health Cooperative of South Central Wisconsin does not timely and properly appear in this action then for default judgment determining it has no claim of subrogation or reimbursement.

Dated at Waukesha, Wisconsin this 27th day of May, 2026.

MURPHY & PRACHTHAUSER
Attorneys for Plaintiffs


By:      *Electronically signed by Thadd J. Llaurado*
Thadd J. Llaurado (#1000773)
Michelle M. Hockers (#1095173)

**P. O. ADDRESS:**
N14W23833 Stone Ridge Drive, Suite 310
Waukesha, WI 53188
(414) 271-1011
tllaurado@murphyprachthauser.com
mhockers@murphyprachthauser.com

Dated at River Falls, Wisconsin, this 27th day of May, 2026

BYE, GOFF & ROHDE, LTD.
Attorneys for Plaintiffs

By:    *Electronically signed by Dean R. Rohde*
Dean R. Rohde (#1001151)

**P.O. ADDRESS:**
258 Riverside Drive
P.O. Box 167
River Falls, WI 54022
(715) 425-8161
dean@byegoff.com