IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

V.H., a minor, by his guardian ad litem,
Michelle M. Hockers, SAMUEL C. HERNANDEZ, and
ASHLEY N. HERNANDEZ,

Plaintiffs,

GROUP HEALTH COOPERATIVE OF SOUTH CENTRAL WISCONSIN,

Involuntary plaintiff,

v.

GENERAL MOTORS COMPANY,

Defendant.

OPINION and ORDER

26-cv-487-jdp

---

Plaintiff V.H., a minor, was seriously injured when an unoccupied SUV unexpectedly rolled backwards. V.H. and his parents, Samuel C. Hernandez and Ashley N. Hernandez, bring this negligence lawsuit, contending that the SUV was defective and unreasonably dangerous in violation of federal motor vehicle safety regulations. Plaintiffs previously reported that the parties reached an agreement in principle to settle the case.

Because one of the beneficiaries of the settlement is a minor, plaintiffs move for court approval of the settlement agreement. Dkt. 17. Plaintiffs also move to seal the settlement agreement and its supporting documents. Dkt. 18. But neither motion complies with the court's rules.

As for the motion to seal, plaintiffs failed to file separate, unsealed and appropriately redacted versions of the documents that are the subject of their motion to seal, as required by Administrative Order 460. *See* In Re: Amended General Rules for Filing Documents Under Seal

Order, https://www.wiwd.uscourts.gov/sites/default/files/Admin_Order_460.pdf. The motion to seal cites only the settlement amount as the confidential information, but the motion asks for the sealing of several documents that don't even mention the settlement amount. Filings in federal court are presumptively public; plaintiffs will have to make a better showing to support their request to seal so much.

As for the motion for approval of the settlement agreement, plaintiffs failed to support counsel's fee request with contemporaneous logs of the hours spent on specific tasks for this case, preventing the court from determining whether the portion of the settlement requested by plaintiffs' counsel is reasonable. *See* Standard Attachment for Civil Cases Assigned to Judge Peterson, https://www.wiwd.uscourts.gov/sites/default/files/Attachments_PTC_JDP.pdf, at 39. Even in contingency-fee cases, the lodestar provides a useful cross-check on the reasonableness of attorney fees.

There are additional problems with the motion for approval of the settlement agreement. Plaintiffs do not explain in any detail why the total settlement amount is appropriate. Plaintiffs do not explain whether payment of the full settlement amount to V.H. on his 18th birthday is in the minor's best interests. Plaintiffs do not address the conflict of interest posed by the appointed guardian ad litem for V.H., Attorney Michelle M. Hockers. Hockers has also appeared on behalf of the minor plaintiff's parents in this case. This presents a conflict of interest because V.H.'s parents will receive part of the settlement under the agreement, and whatever goes to the parents won't go to V.H. Plaintiffs may make a case for why no guardian ad litem is necessary. But if one is, then Attorney Hockers cannot serve in that capacity.

The most efficient way to address these issues is by conference with the parties, so the court will order the clerk of court to schedule a teleconference regarding settlement approval. The parties should be prepared to address the issues raised in this order at the teleconference.

ORDER

IT IS ORDERED that the clerk of court is ordered to schedule a teleconference regarding settlement approval.

Entered November 17, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge